[927 NYS2d 914]

In the Matter of SUSAN F. STEIER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 4, 2011

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin P. Culley* of counsel), for petitioner.

*David H. Singer*, for respondent.

OPINION OF THE COURT

Per Curiam.

Respondent Susan F. Steier was admitted to the practice of law in the State of New York by the First Judicial Department on December 4, 1989. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee now moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent's resignation from the practice of law and striking her name from the roll of attorneys.

Respondent's affidavit of resignation, sworn to on May 17, 2011, states that her resignation is submitted freely, voluntarily and without coercion or duress, and that she is fully aware of the implications of submitting her resignation; that she is aware that there is a pending sua sponte investigation by the Committee into allegations that she misappropriated, commingled and intentionally converted client funds for her own personal use, and finally that, if charges were brought predicated upon the misconduct under investigation, she would be unable to successfully defend herself on the merits against such charges (*see* 22 NYCRR 603.11 [a] [1]-[3]).

Specifically, she acknowledges that during the course of her representation of a client, she deposited settlement proceeds in the amount of $22,000 into her attorney escrow account and, after withdrawing disbursements and her legal fee, and paying outstanding medical liens, she withdrew the net proceeds of $7,999.61, due to her client, for her own personal use. Thereafter, respondent deposited personal funds into her escrow account to replace the converted funds and disbursed the funds to her client that she was entitled to receive. Respondent has consulted with counsel and has determined that her resignation as an attorney is appropriate at this time.

The Committee learned of this matter upon receipt of a bounced check notification from the Lawyers' Fund for Client Protection. The Committee reports that there are no outstanding complaints against respondent from clients as a result of the misconduct for which she is resigning. The client at issue never complained to the Committee, presumably because she was unaware that her funds had been misappropriated by respondent and then replaced.

Accordingly, as the proffered resignation complies with all pertinent Court rules, the motion should be granted, respondent's resignation accepted, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 17, 2011.

ANDRIAS, J.P., SWEENY, RENWICK, FREEDMAN and MANZANET-DANIELS, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to May 17, 2011.